**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| BRADLEY RICHARDS, LAGO PEREDA, ESTRELLA NUNEZ COUNAGO, BENJAMIN READ and ALISON READ, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING CORPORATION, a corporation, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>FILE NO.: _____ |

**COMPLAINT**

COME NOW, Plaintiffs Bradley Richards, Lago Pereda & Estrella Nunez Counago, Benjamin Read and Alison Read, through undersigned counsel, for their Complaint against Defendant The Boeing Co. ("Boeing"), a corporation, state as follows:

**COMMON ALLEGATIONS**

1.      Plaintiff Bradley Richards is a citizen of the United Kingdom and is a resident of Australia.

2.      Plaintiffs Lago Pereda and Estrella Nunez Counago are citizens of the Kingdom of Spain.

3.      Plaintiffs Benjamin Read and Alison Read are citizens and residents of the United Kingdom.

4.      Defendant Boeing is a citizen and resident of the United States. It is a corporation organized under the laws of the United States and has its principal place of business in Virginia.

1

Defendant Boeing can be served by way of its registered agent, Corporation Service Company, located at 100 Shockoe Slip Fl 2, Richmond, Virginia 23219.

5. This Court therefore has personal jurisdiction over Defendant Boeing.

6. The matter in controversy exceeds $75,000.

7. This Court therefore has subject matter jurisdiction over this cause of action under 28 U.S.C.§1332 as there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.

8. Venue is proper in this District under 28 U.S.C. §1391 as Defendant Boeing is a resident of this District.

**COUNT I**
**STRICT PRODUCT LIABILITY**

9. Plaintiffs adopt and reiterate Paragraphs 1-8 as if repeated herein.

10. On May 21, 2024, Plaintiffs were passengers on board Singapore Air Flight SQ 321 enroute from London to Sydney.

11. The flight was being operated on Defendant Boeing's B777-312 ER aircraft ("the accident aircraft").

12. During a meal service and while many passengers, including Plaintiffs, were out of their seats returning from the lavatory, the aircraft suddenly encountered severe turbulence and, with little warning, dropped precipitously, hurling Plaintiffs into overhead bins, the aisle and other seats.

13. Almost no seat belt warning was given by the flight crew, and Plaintiffs were unable to get to their seats and fasten their seat belts before they were thrown about the cabin.

14. Other aircraft operated by other airlines and flying the same route went around the area of turbulence and avoided an encounter with turbulence and injury to their passengers, but SQ Flight 321 flew above and into severe turbulence.

15. On a date prior to May 21, 2024, Defendant Boeing designed, manufactured and sold the accident aircraft. At the time the accident aircraft left the custody and control of Defendant Boeing, it was defective and unreasonably dangerous in that:

> (a) its weather radar was subject to failing to provide alerts of approaching areas of dangerous turbulence;

> (b) its weather radar was subject to failing to provide alerts of dangerous turbulence beneath the aircraft; and

> (c) its weather radar did fail to provide warning.

16. As the direct and proximate result of one or more of the above-described defects, the accident aircraft flew into an area of dangerous and severe turbulence and, with little or no warning, dropped precipitously and violently threw Plaintiffs into overhead lockers and bins, into the aisle and other seats.

17. As the direct and proximate result of the above-described occurrence, Plaintiff Kai Mercieca-Greenland suffered multiple fractures to his cervical and thoracic spine, fractured ribs, a fractured sternum, a concussion and Post Traumatic Stress Disorder, among other injuries.

18. As the direct and proximate result of the above-described occurrence, Plaintiff Erin Mercieca suffered fractures to her cervical spine, a concussion and Post Traumatic Stress Disorder, among other injuries.

19. As the direct and proximate result of the above-described occurrence, Plaintiff Tiarne Ashcroft suffered fractures and herniated discs in the thoracic spine, a concussion and Post Traumatic Stress Disorder, among other injuries.

20.     As the direct and proximate result of the above-described occurrence, all Plaintiffs have continuing pain and disability and are unable to engage in personal and recreational activities, perform household and family duties and fulfill their employment responsibilities and, consequently, have suffered a loss of income.

WHEREFORE, Plaintiffs Kai Mercieca-Greenland, Erin Mercieca and Tiarne Ashcroft, through undersigned counsel, pray for the entry of a judgment against Defendant The Boeing Co. for damages in excess of $75,000, plus interest, costs and such other damages as may be allowed by law.

### COUNT II
### NEGLIGENCE

21.     Plaintiffs adopt and reiterate Paragraphs 1-20 as if repeated herein.

22.     On May 21, 2024, Plaintiffs were passengers on board Singapore Air Flight SQ 321 enroute from London to Sydney.

23.     The flight was being operated on Defendant Boeing's B777-312 ER aircraft ("the accident aircraft").

24.     During a meal service and while many passengers, including Plaintiffs, were out of their seats returning from the lavatory, the aircraft suddenly encountered severe turbulence and, with little warning, dropped precipitously, hurling Plaintiffs into overhead bins, the aisle and other seats.

25.     Almost no seat belt warning was given by the flight crew, and Plaintiffs were unable to get to their seats and fasten their seat belts before they were thrown about the cabin.

26.     Other aircraft operated by other airlines and flying the same route went around the area of turbulence and avoided an encounter with turbulence and injury to their passengers, but SQ Flight 321 flew above and into severe turbulence.

4

27. On a date prior to May 21, 2024, Defendant Boeing designed, manufactured and sold the accident aircraft.

28. On a date prior to May 21, 2024, Defendant Boeing provided after-sale advice, training and instruction to Singapore Air and other operators of the weather radar on its Boeing 777-312 ER aircraft.

29. On said date and at all times relevant hereto, Defendant Boeing owed Plaintiffs a duty to exercise reasonable care in designing, manufacturing and selling the accident aircraft and in providing after-sale advice, training and instruction to Singapore Air and other operators of the weather radar on its Boeing 777-312 ER aircraft so as to function normally and provide adequate warning within the bounds of its design in order to prevent injury to passengers and crew on its aircraft.

30. Defendant Boeing breached its duty of care owed to Plaintiffs through one or more of the following negligent acts or omissions:

> (a) negligently designed, manufactured and sold the accident aircraft such that its weather radar was subject to failing to provide alerts of approaching areas of dangerous turbulence;

> (b) negligently designed, manufactured and sold the accident aircraft such its weather radar was subject to failing to provide alerts of dangerous turbulence beneath the aircraft;

> (c) negligently failed to provide warning of these defects; and

> (d) negligently advised, trained and instruction Singapore Air and other operators of its B777-312 ER aircraft in the operation of the weather radar on its aircraft.

31. As the direct and proximate result of one or more of the above-described negligent acts or omissions of Defendant Boeing, the accident aircraft flew into an area of dangerous and

5

severe turbulence and, with little or no warning, dropped precipitously and violently threw Plaintiffs into overhead lockers and bins, into the aisle and other seats.

32. As the direct and proximate result of the above-described occurrence, Plaintiff Kai Mercieca-Greenland suffered multiple fractures to his cervical and thoracic spine, fractured ribs, a fractured sternum, a concussion and Post Traumatic Stress Disorder, among other injuries.

33. As the direct and proximate result of the above-described occurrence, Plaintiff Erin Mercieca suffered fractures to her cervical spine, a concussion and Post Traumatic Stress Disorder, among other injuries.

34. As the direct and proximate result of the above-described occurrence, Plaintiff Tiarne Ashcroft suffered fractures and herniated discs in the thoracic spine, a concussion and Post Traumatic Stress Disorder, among other injuries.

35. As the direct and proximate result of the above-described occurrence, all Plaintiffs have continuing pain and disability and are unable to engage in personal and recreational activities, perform household and family duties and fulfill their employment responsibilities and, consequently, have suffered a loss of income.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kai Mercieca-Greenland, Erin Mercieca and Tiarne Ashcroft, through undersigned counsel, pray for the entry of a judgment against Defendant The Boeing Co. for damages in excess of $75,000, plus interest, costs and such other damages as may be allowed by law.

///

## JURY DEMAND

Plaintiffs demand a jury for all claims stated.

This 20th day of May 2026.

Respectfully Submitted,

/s/ Daniel D. Barks
Daniel D. Barks, Esq., (VA #42573)
**THE LAW OFFICES OF DANIEL D. BARKS, LLC**
1750 Tysons Blvd., Ste. 1500
PMB #41
McLean, VA 22102
(703) 472-0215
ddb@barks-law.com

Floyd A. Wisner (*Pro Hac Vice to be Applied for*)
Wisner Law Firm
180 W Madison St Suite 4700
Chicago, Illinois 60601
Telephone: (312) 262-9434
Attorney ID No. 1115

*Attorneys for Plaintiffs*